**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH W. HATLEN, | ) |
| Plaintiff, | ) |
| v. | ) 3:14-cv-316-RCJ-WGC |
| GREG COX et al., | ) **ORDER** |
| Defendants. | ) |
| _____ | ) |

## I. DISCUSSION

On August 13, 2014, U.S. Magistrate Judge William Cobb entered a screening order dismissing the complaint in its entirety for failure to state a claim without prejudice with leave to file an amended complaint. (ECF No. 6 at 7). Judge Cobb granted Plaintiff 30 days to file an amended complaint and then granted a subsequent extension of time to file the amended complaint. (ECF No. 6 at 7; ECF No. 9).

On September 4, 2014, Plaintiff filed a motion for more information or correction. (ECF No. 10). Plaintiff states that he just learned that only a federal district judge can "screen" a civil rights complaint and that his civil rights complaint had been screened by a federal magistrate judge. (*Id.* at 1). Plaintiff seeks a screening order by a federal district judge. (*Id.*).

Title 28 U.S.C. § 636(b)(1) provides:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings,

including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(A)-(B). Nevada Local Rules IB 1-3 and 1-4 are consistent with this provision. *See* Nev. Loc. R. IB 1-3 (stating that a "magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)").

In this case, the magistrate judge entered an order of dismissal *without prejudice* and *with leave to file an amended complaint*, which is in the magistrate judge's purview under 28 U.S.C. § 636(b)(1). If Plaintiff fails to amend his complaint, or should he fail to state a claim upon which relief may be granted in his amended complaint, the magistrate judge will prepare a report and recommendation for dismissal of the action with prejudice for the assigned district judge's review.   Alternatively, the district judge may issue the orders directly himself.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for information or correction (ECF No. 10) is denied as moot.

IT IS FURTHER ORDERED that Plaintiff shall comply with the Court's August 13, 2014 and September 2, 2014 orders.

DATED: This  9th  day of September, 2014.

_____
United States District Judge