1

2

3

4

5                 **UNITED STATES DISTRICT COURT**

6                     **DISTRICT OF NEVADA**

7 KENNETH W. HATLEN,         )
                            )

8         Plaintiff,         )
                            )

9       v.             )         3:14-cv-316-RCJ-WGC
                            )

10 GREG COX et al.,         )         **ORDER**
                            )

11         Defendants.     )
                            )

12 _____ )

13       This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state

14 prisoner.  On August 13, 2014, this Court issued a screening order dismissing the complaint

15 in its entirety with leave to amend.  (ECF No. 6 at 7).  The Court granted Plaintiff 30 days to

16 file an amended complaint.  (*Id.*).  On September 2, 2014, the Court granted Plaintiff an

17 extension until December 1, 2014, to file his amended complaint.  (ECF No. 9 at 1).  On

18 November 5, 2014, this Court denied Plaintiff's motion to extend his deadline to file his

19 amended complaint for another 90 days.  (ECF No. 17 at 1).  The Court stated that if Plaintiff

20 did not submit a complaint by December 1, 2014, the Court would dismiss the case without

21 prejudice.   (*Id.*).   On December 16, 2014, this Court denied Plaintiff's motion for

22 reconsideration on the Court's order denying his request for another 90-day extension.  (ECF

23 No. 23 at 2-3).   The Court directed Plaintiff to file an amended complaint on or before

24 December 1, 2014, or the Court would dismiss the case without prejudice.[1]   (*Id.* at 3).

25       On December 29, 2014, Plaintiff filed a motion for a hearing.  (ECF No. 24).  On

26

27        [1] In that order, the Court discussed why Plaintiff would not be prejudiced by a dismissal without prejudice.  (*See* ECF No. 23 at 3).

28       The Court also acknowledges that it entered its order denying the motion for reconsideration after the stated deadline for filing an amended complaint.  The Court waited an additional 30 days to provide Plaintiff an opportunity to file his amended complaint.  However, Plaintiff has not filed an amended complaint.

1   December 31, 2014, Plaintiff filed a motion for a hearing and alleged that Defendants were

2   intentionally obstructing his legal mail, supplies, and documents in order to have Plaintiff's

3   cases dismissed against him. (ECF No. 25 at 2). Plaintiff alleges that these are valid reasons

4   to have his deadlines extended. (*Id.*).   The Court denies Plaintiff's motions for a hearing.

5   There is nothing in Plaintiff's motions indicating that he is planning on filing an amended

6   complaint in the near future and instead only seeks to keep extending the deadline to file an

7   amended complaint indefinitely.

8           District courts have the inherent power to control their dockets and "[i]n the exercise of

9   that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

10  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court

11  may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure

12  to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52,

13  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963

14  F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring

15  amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

16  for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

17  address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

18  failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

19  (dismissal for lack of prosecution and failure to comply with local rules).

20          In determining whether to dismiss an action for lack of prosecution, failure to obey a

21  court order, or failure to comply with local rules, the court must consider several factors: (1)

22  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

23  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

24  cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d

25  at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-

26  61; *Ghazali*, 46 F.3d at 53.

27          In the instant case, the Court finds that the first two factors, the public's interest in

28  expeditiously resolving this litigation and the Court's interest in managing the docket, weigh

1   in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

2   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

3   filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542

4   F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases

5   on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

6   Finally, a court's warning to a party that his failure to obey the court's order will result in

7   dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

8   *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order requiring

9   Plaintiff to file an amended complaint by December 1, 2014, expressly stated: "If Plaintiff does

10  not submit an amended complaint by December 1, 2014, the Court will dismiss the case

11  without prejudice." (ECF No. 17 at 1).  Thus, Plaintiff had adequate warning that dismissal

12  would result from his noncompliance with the Court's order to file an amended complaint by

13  December 1, 2014.

14      It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's

15  failure to file an amended complaint in compliance with this Court's November 5, 2014 and

16  December 16, 2014 orders (ECF No. 17, 23).

17      It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 5) is denied

18  as moot.

19      It is further ordered that the motions for hearing (ECF No. 24, 25) are denied.

20      It is further ordered that the Clerk of Court shall enter judgment accordingly.

21      Dated this 20th day of January, 2015.

22

23

24                                                    _____

25                                                    United States District Judge

26

27

28

3